### YOUNG vs. CENAS & AL.

A party not injured by a judgment cannot appeal from it.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petition states, that the plaintiff, on the 29th April, 1807, purchased of M. G. Cullen & Co. two bills of exchange on Liverpool, for a certain sum sterling, which amounted to $3600, lawful money of the United States ; for which bills he gave in payment a note of Samuel B. Davis, in favor of Harper & Folk, and indorsed in favor of the petitioner, for thirty-six hundred dollars.

East'n District.
*May,* 1823.

YOUNG
*vs.*
CENAS & AL.

That one of the said bills of exchange, for £489 12s. has been returned protested for non payment, which the plaintiff has been obliged to take up and pay, with damages and costs. He therefore prays, that Davis' note, which is in the hands of Blaisè Cenas, assignee of Cullen & Co., may be delivered up to him, and that Davis be made a party to the petition. and condemned to pay the amount of the note, with interest and costs.

The defendants joined in the defence, and answered that Davis had paid the amount of the note to M. G. Cullen & Co. by way of set-off, though the same remained in the hands of Cenas, ready to be given up or disposed of as the court might direct; and Davis, in his individual capacity, denied the right of the plaintiff to have the obligation delivered to him.

This action appears to have been commenced so far back as the year 1808. In the year 1813, on a suggestion of the death of Blaisè Cenas, the suit was revived against the widow and executrix. She appeared, and pleaded the general issue.

In the month of December, 1817, the plaintiff discontinued his suit against Davis, and ob-

East'n District.
May, 1823.

YOUNG
vs.
CENAS & AL.

tained leave to amend his petition.

On the 26th February, 1822, the court gave judgment, that the defendant hand the note of Davis to the petitioner; and nearly one year after, Davis appeared and prayed an appeal from this judgment, stating that he was aggrieved by it.

The principal question in this case is, whether Davis has suffered such injury from the judgment rendered, or, in other words, has such an interest in it, as will authorise him to appeal. We are clearly of opinion that he has not.

In the first place, the judgment given does not at all affect his interests : it forms not *rem judicatam* against him. In the second, if the plaintiff should hereafter sue the defendant, the former will have to prove against the latter, the same matters, in order to entitle him to recover that he would, in the case now before us, had he continued to prosecute Davis to final judgment : and the same means of defence will be afforded the appellant. If his case be a legal and *bona fide* payment, it cannot be affected by the circumstance of his being sued jointly or separately : in either case, the defence which

such payment will authorise, can be used with equal force and success.

The appeal is dismissed, with costs.

*Morse* for the plaintiff; *Hawkins* for the defendants.